**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**CORNELIUS FIELDS**                                                                                    **PETITIONER**

**v.**                                                                                            **No. 2:07CV151-P-A**

**JACQUELYN BANKS, ET AL.**                                                              **RESPONDENTS**


**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Cornelius Fields for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner has not responded to the motion, and the time for response has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

On May 14, 1998, the petition Cornelius Fields pled guilty in the Circuit Court of Bolivar County, Mississippi, to one count of the sale of marijuana (less than one ounce), second and subsequent offense (Cause No. 8718) – and one count of the sale of cocaine, second and subsequent offense (Cause No. 8719). On June 25, 1998, the petitioner was sentenced, in Cause No. 8719, to serve a term of five years in the custody of the Mississippi Department of Corrections ("MDOC"). That same day, the petitioner was sentenced in Cause No. 8718 to serve a term of twenty-five years in the custody of MDOC. However, on May 9, 2001, the trial court entered an order in Cause No. 8718, denying Fields' petition for post-conviction collateral relief ("PCR") in that cause, wherein the court acknowledged that "a clerical error occurred in which the Defendant was sentenced [in Cause No. 8718] for the offense for which he was indicted in

Cause No. 8719." On the same day, the trial court entered amended judgments in both causes, reflecting the correct sentences – five years in Cause no. 8718 and twenty-five years in Cause No. 8719. Each of these amended orders were entered *nunc pro tunc* for June 25, 1998. Cornelius Fields filed a "Petition for Writ of Habeas Corpus" in Bolivar County Circuit Court on February 13, 2006, challenging his sentence in Case No. 8719. The state petition was docketed as Civil Cause No. 2006-0011. In the instant federal *habeas corpus* petition, filed on September 6, 2007, the petitioner challenges only his conviction and sentence for the sale of cocaine in Cause No. 8719.

## Discussion

Resolution of this matter rests with 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

There is no direct appeal from a guilty plea in Mississippi state court. MISS. CODE ANN. § 99-35-101. As such, the petitioner's conviction for sale of cocaine became final thirty days after he was sentenced, July 27, 1998 (June 25, 1998 + 30 days).[1] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the initial deadline for Fields to file his federal *habeas* petition was one year later – on July 27, 1999. *Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Although the petitioner did initiate a state proceeding seeking post-conviction collateral relief on February 13, 2006, he did not do so before the expiration of July 27, 1999, deadline; as such, he does not enjoy statutory tolling. As the petitioner was not actively misled or prevented in some extraordinary way from asserting his rights, he cannot invoke the doctrine of equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). In addition, even had he argued that he was entitled to equitable tolling, he has failed to act with the required diligence in challenging his conviction and sentence in Case No. 8719. Cornelius Fields waited until February 13, 2006, to challenge his sentence in Case No. 8719 – 1,741 days after the court entered the amended sentencing order. As such, he has not acted with the diligence required to warrant equitable tolling of the limitations period. *Melancon v. Kaylo,* 259 F.3d 401 (5th Cir. 2001) (holding that a delay of four months was too long to constitute the diligence required for equitable tolling). Therefore, the petitioner enjoys neither statutory nor equitable tolling to extend the original

---

[1] As the amended sentencing order in Cause No. 8719 was entered *nunc pro tunc* for the original sentencing date of June 25, 1998, thirty days were added to this retroactive date. This calculation results in a date of July 25, 1998 – a Saturday. The court has thus set the date the petitioner's conviction became final to the next available business day, Monday, July 27, 1998. Even if the limitations period were calculated from the actual date on which the trial court entered the amended sentencing order, May 9, 2001, the instant petition for a writ of *habeas corpus* would still have been untimely filed.

deadline for filing his federal petition for a writ of *habeas corpus*.

Under the "mailbox rule," the *pro se* federal *habeas* petition of Cornelius Fields is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, Fields' petition was filed sometime between the date it was signed on September 3, 2007,[2] and the date it was received in the district court on September 6, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the petition was filed 2,960 days beyond the July 27, 1999, one-year federal deadline. As discussed above, the petitioner is entitled to neither statutory nor equitable tolling. Therefore, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of January, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because Fields failed to date the instant petition, the court has calculated the signature date by allowing the standard three days for U.S. mail delivery.